UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Keith RODRIGUEZ PADILLA,<br><br>Defendant. | Case No.:  21-cr-2960-AGS<br><br>**ORDER DENYING REQUESTS TO APPOINT COUNSEL (ECF 381 & ECF 395)** |

Defendant moves to "appoint new counsel to represent [him] on direct appeal" (ECF 395, at 1), while his currently appointed appellate attorney separately moves this Court to appoint "counsel for filing of a habeas petition" (ECF 381, at 1). Both motions must be denied.

First, this Court cannot appoint replacement appellate counsel. When defendant filed his "notice of appeal," it "divested the district court of further jurisdiction over the case." *Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345, 1347 (9th Cir. 1988). The proper court to consider such a request would be the Court of Appeals.

Similarly, this Court cannot hear a request for appointed counsel on a potential or hypothetical petition for a writ of habeas corpus. If "the interests of justice so require," the Court may appoint counsel for an "impoverished habeas petitioner." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). But defendant is not yet a "habeas petitioner," *see Bashor*, 730 F.2d at 1234, nor is he currently "seeking relief" under any of the habeas statutes, *see* 18 U.S.C. § 3006A(a)(2)(B), as required to qualify for such an appointment. If defendant later files a habeas petition, he may then seek appointed counsel in that future case.

In the meantime, both counsel-appointment requests are **DENIED**.

1

21-cr-2960-AGS

Dated:  February 27, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

21-cr-2960-AGS